YATES, Judge.
This is a termination of parental rights case. Only the father appeals.
The Calhoun County Department of Human Resources (DHR), on August 13, 1992, filed a petition for permanent custody of R.R., the minor child, and a hearing on the matter was held September 14, 1992. Present at that hearing were the DHR caseworkers and attorney, the child’s guardian ad litem, and the child’s mother and her attorney. The father was not present at the September 14 hearing, nor was he represented by counsel. The trial court on September 16, 1992, entered an order terminating the parental rights of both parents.
On December 9,1992, DHR and the father filed a “Joint Motion For Relief From Judgment.” The motion stated in part:
“4. [T]he child’s father did not appear for the hearing of September 14, 1992.
“5. The Court records indicate that service of [the father] was attempted twice as follows:
“(a) By certified mail properly addressed to [the father].... This letter was apparently left at [the house of the father’s mother] and was never personally accepted by [the father] himself, “(b) The second letter was mailed to [the father] ... at Red Eagle Honor Farm.... This letter was received by ... prison personnel, who signed the green certified mail acceptance card. Again, [the father] never personally accepted service.
“6. It is jointly stipulated by the parties that the afore-described service was insufficient.”
On February 19, 1993, the court granted the father’s requested relief from judgment and scheduled another hearing to consider termination of the father’s parental rights. The father filed an “Affidavit Of Substantial Hardship,” and the court appointed counsel to represent him.
The hearing was held on April 14, 1993. Present at that hearing were the DHR caseworkers and the DHR attorney, the child’s guardian ad litem, and the child’s father and the father’s attorney. The father had not been served personally with a copy of DHR’s petition for termination of parental rights; he moved the court to delay the hearing, but the court denied his motion. On April 30, 1993, the court entered an order terminating the father’s parental rights; on May 7, 1993, the father appealed.
Only one issue is presented: Did the trial court err in denying the father’s motion to delay the hearing and in proceeding with that April 14, 1993, hearing, even though the father had not been personally served with a copy of the petition?
The transcript of the April 14, 1993, hearing reveals that counsel for the father made an oral motion to delay the hearing. At the hearing, the father’s attorney stated that the father had not been properly served, arguing that the father, while incarcerated, had not been served officially with a copy of the petition. The trial court denied the motion, stating:
“[T]here was a motion to set aside [the father’s] termination of parental rights in this case in which [the father] signed a motion along with [counsel for DHR].... [The father] was appointed an attorney at his request. He has attended hearings and been represented in this case. You, as the attorney, were furnished copies of the petitions and have had an opportunity to review the file and we are going to proceed with the hearing today.”
It was undisputed that the father had been incarcerated when the original petition was filed and at the time of the hearings in September 1992 and April 1993. Service of process is ordinarily to be performed “[u]pon an individual, incarcerated in any penal institution or detention facility within this state, by serving the individual.” Rule 4(c)(5), Ala. R.Civ.P. However, regarding juvenile proceedings, § 12-15-53(e), Ala.Code 1975, provides: “A party ... may waive service of *1013 summons ... by voluntary appearance at the hearing.”
This court has previously held, “[SJtrict compliance of service is not required, where, as here, the evidence reflects that [the father] had actual notice of the hearing [and] was represented by counsel.” J.C. v. AGAPE of Central Alabama, 590 So.2d 302, 304 (Ala.Civ.App.1991).
Here, because of insufficient service, the father and DHR filed a joint motion to set aside the original judgment terminating the father’s parental rights. The court set aside that judgment, as to the father, set a new hearing date, and appointed counsel for the father. The court on April 14, 1993, held a second hearing, at which the father and his attorney were present. Testimony revealed that the father had read the petition for termination of his parental rights and that he had discussed the matter with his attorney. Considering the facts of this case and applying the applicable law, we conclude that the April 30, 1993, judgment terminating the parental rights of the father is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.