Bobby Duncan appeals from a ruling of the Etowah Circuit Court denying his motion for relief from a default judgment entered against him. We reverse and remand.
 I. Facts and Procedural History
In April 2002, S.N., as next friend of T.H., a minor, sued Bobby Duncan in the Etowah Circuit Court, alleging negligence, wantonness, and assault and battery stemming from years of alleged sexual abuse committed by Duncan against T.H. When the complaint was filed, Duncan was incarcerated at Bullock Correctional Facility in Union Springs. S.N. requested the clerk of the Etowah Circuit Court to serve Duncan with a copy of the summons and complaint by mail. The clerk sent the documents by certified mail addressed to "Bobby Duncan c/o Bullock Correctional Facility." The certified-mail return receipt was signed on April 9, 2002, by someone other than Duncan at, we assume, Bullock Correctional Facility. The record does not reveal, and the parties do not disclose, the identity or title of the person whose signature appears on the certified-mail return receipt.
Duncan failed to answer or to appear before the trial court, and S.N. moved for a default judgment. The trial court granted that motion and entered a default judgment against Duncan on January 27, 2003. On April 1, 2004, Duncan filed a motion for relief from the default judgment.[1] In that motion, Duncan argued that he had not been properly served with the summons and complaint as required by the Alabama Rules of Civil Procedure. Based on its reading of Rule 4(c)(5) and (1), Ala. R. Civ. P., the trial court denied Duncan's motion. Rule 4(c)(1) and (5) state:
 "(c) Upon Whom Process Served. Service of process, except service by publication as provided in Rule 4.3, shall be made as follows:
 "(1) Individual. Upon an individual, other than a minor or an incompetent person, by serving the individual or by leaving a copy of the summons and the complaint at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process. . . .
 ". . . .
 "(5) Incarcerated Person. Upon an individual incarcerated in any penal institution or detention facility within this state, by serving the individual, except that when the individual to be served is a minor, by serving any one of the following: the father, the mother, the guardian, the individual having care of the minor, or the spouse, if the minor is married, and, if the minor is over the age of twelve (12) years, by also serving the minor personally. . . ."
(Emphasis added.) The trial court determined that the summons and complaint had been left "at [Duncan's] dwelling *Page 430 
house or usual place of abode with some person of suitable age and discretion" and therefore found that service was proper under Rule 4. The trial court denied Duncan's motion for relief from the default judgment, and this appeal followed.
 II. Standard of Review
Because "[f]ailure of proper service under Rule 4 deprives a court of [personal] jurisdiction and renders its judgment void,"Ex parte Pate, 673 So.2d 427, 428-29 (Ala. 1995), there is no room for the trial court's discretion in determining whether service was proper. Pursuant to Rule 60(b)(4), Ala. R. Civ. P., a trial court is authorized to grant relief from a final judgment if that judgment is determined to be void.
 "The standard of review on appeal from the denial of relief under Rule 60(b)(4)[, Ala. R. Civ. P.,] is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process."
Insurance Mgmt. Admin., Inc. v. Palomar Ins. Corp.,590 So.2d 209, 212 (Ala. 1991) (emphasis added).
Further, questions of law and the application of the law to the particular facts are to be reviewed de novo. Allstate Ins. Co.v. Skelton, 675 So.2d 377, 379 (Ala. 1996).
 III. Analysis
Because Rule 4(c)(5), addressing service of process on incarcerated individuals, requires "serving the individual," the trial court turned to Rule 4(c)(1), which provides the method for serving individuals. The court then reasoned that, because the certified-mail return receipt evidenced the signature of someone who the trial court believed was present at the jail, service on Duncan was proper in that copies of the summons and the complaint were left at Duncan's "dwelling house or usual place of abode with some person of suitable age and discretion," as required by Rule 4(c)(1). We respectfully disagree with the trial court's reasoning.
First, nothing in Rule 4(c)(5) authorizes service on an incarcerated person by leaving a copy of the summons and the complaint at the "individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein." Compare Rule 4(c)(1), which sets forth alternative methods of service on an individual, including service by leaving a copy of the summons and the complaint at the individual's dwelling house. Second, even if Rule 4(c)(5) were interpreted to authorize the same means of serving an incarcerated person, the person with whom the documents are left must also "resid[e] therein." We have before us nothing to identify the individual who signed the certified-mail return receipt in this case, much less anything to show that he or she was a person of "suitable age and discretion" residing in the correctional facility with Duncan. Of course, assuming Rule 4(c)(5) can be read to authorize such service, whether a fellow inmate could ever qualify as a person of "suitable age and discretion" is a separate and serious question we do not reach in this case.
Third, the summons and the complaint in this case were delivered by certified mail. Rule 4(i)(2), Ala. R. Civ. P., providing for an alternative method of service on a person by certified mail, states: *Page 431 
 "(i) Methods of Service. Service under this rule shall include the following:
 ". . . .
 "(2) Service by Certified Mail.
 "(A) When Proper. When the plaintiff files a written request with the clerk for service by certified mail, service of process shall be made by that method.
 "(B) How Served. In the event of service by certified mail, the clerk shall place a copy of the process and complaint or other document to be served in an envelope and shall address the envelope to the person to be served [i.e., the addressee,] with instructions to forward. In the case of an entity within the scope of one of the subdivisions of Rule 4(c), the addressee shall be a person described in the appropriate subdivision. The clerk shall affix adequate postage and place the sealed envelope in the United States mail as certified mail with instructions to forward, return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered. The clerk shall forthwith enter the fact of mailing on the docket sheet of the action and make a similar entry when the return receipt is received.
 "(C) When Effective. Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt. Within the meaning of this subdivision, `agent' means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee. Such agent's authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default. An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within time to avoid a default. In the case of an entity included in one of the provisions of Rule 4(c), `defendant,' within the meaning of this subdivision, shall be such a person described in the applicable subdivision of 4(c)."
(Emphasis added.)
In M.R. v. Calhoun County Department of Human Resources,634 So.2d 1011 (Ala.Civ.App. 1994), the Alabama Department of Human Resources attempted to serve process of proceedings to terminate parental rights on an incarcerated individual by certified mail. Prison personnel signed for the process, but the inmate "never personally accepted" service. 634 So.2d at 1012. Describing a joint motion between DHR and the inmate, the Alabama Court of Civil Appeals stated that "because of insufficient service, the [inmate] and DHR filed a joint motion to set aside the original judgment terminating the [inmate's] parental rights."634 So.2d at 1013. Unless Duncan or his authorized agent signed the certified-mail return receipt, or unless the evidence proves that he actually received a copy of the summons and the complaint or that he was informed of the action in sufficient time to avoid a default, service was not proper, and Duncan should have been granted relief from the default judgment.
S.N. argues that Duncan has not shown by clear and convincing evidence that he did not receive service of process. Therefore, S.N. contends, Duncan is not entitled to relief from the default judgment pursuant *Page 432 
to Rule 60(b), Ala. R. Civ. P. This Court stated in Image Auto,Inc. v. Mike Kelley Enterprises, Inc., 823 So.2d 655, 657 (Ala. 2001), that "[t]he Rule 60(b) standard requires [a movant for relief from judgment] to present clear and convincing evidence that [the movant] did not receive service of process." Further, "`a mere denial by the party challenging the return [mail receipt] is insufficient. There must be additional evidence, such as statements of fact, tending to support the denial of service of process.'" 823 So.2d at 658 (quoting Powell v. Central Bankof the South, 510 So.2d 171, 172 (Ala. 1987) (citation omitted)).
S.N. does not dispute Duncan's contention that he did not sign the certified-mail return receipt. While it is difficult to decipher the signature on the receipt, it is clearly not Duncan's. Duncan's wife and brother submitted affidavits stating that the signature that appears on the receipt is not Duncan's. Additionally, Duncan's affidavit states that "[t]he first time it came to [his] attention [that a lawsuit had been instituted against him] was when an attempt was made to execute on property previously owned by [him]. . . ." As previously noted, there is no evidence indicating that the person who signed the return receipt was "specifically authorized by [Duncan] to receive [his] mail and to deliver that mail to [him]." Rule 4(i)(2)(C), Ala. R. Civ. P. To the contrary, the box marked "agent" on the return receipt was left blank.
 IV. Conclusion
Service of the summons and complaint in the instant case did not meet the requirements of either Rule 4(c)(5) or Rule 4(i)(2)(c), Ala. R. Civ. P. The trial court erred in denying Duncan's motion seeking relief from the default judgment; its order is reversed and the cause remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
NABERS, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.
[1] Apparently, Duncan learned of the judgment when "an attempt was made to execute on property previously owned by [him] on a judgment obtained without [his] knowledge." Duncan's motion is entitled "MOTION TO SET ASIDE DEFAULT." Because more than a year had passed since the trial court had entered the default judgment, Duncan's motion clearly sought relief from the judgment pursuant to Rule 60, Ala. R. Civ. P.