Charles Keene and Sandra Keene sued Mark Hayden and Angela Hayden in the Elmore Circuit Court. The Haydens filed a motion to compel arbitration, which the trial court granted on July 12, 2006, and the Keenes appealed. We reverse and remand.
This dispute arises from a real-estate sales contract between the Keenes and the Haydens. In that contract, the Keenes agreed to purchase approximately two acres of land owned by the Haydens. The contract required the Haydens to make certain improvements to the land before the sale. After a dispute arose between the Keenes and the Haydens concerning the dimensions of the property to be conveyed by the Haydens, the Keenes sued the Haydens.
The real-estate sales contract contained an arbitration clause that provided, in pertinent part, "any controversy, claim, complaint, or dispute arising between the parties, . . . or arising out of this agreement, is to be settled exclusively by binding arbitration." In response to the complaint filed by the Keenes, the Haydens, relying upon the arbitration clause in the contract, moved the trial court "to dismiss [the] action and/or compel arbitration to resolve [the] dispute between the parties." The trial court granted the Haydens' motion, ordering that "[t]he case is dismissed and compelled to arbitration for resolution within 60 days." From that order, the Keenes appealed. See Rule 4(d), Ala. R.App. P. *Page 11 
This Court stated the relevant legal principles in Adcockv. Adams Homes, LLC, 906 So.2d 924, 929 (Ala. 2005):
 "`We review de novo the trial court's ruling on a motion to compel arbitration. Green Tree Fin. Corp. v. Vintson, 753 So.2d 497, 502 (Ala. 1999).' Massey Automotive, Inc. v. Norris, 895 So.2d 215, 217 (Ala. 2004). `"A `party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration and proving that that contract involves a transaction affecting interstate commerce,'"' Wolff Motor Co. v. White, 869 So.2d 1129, 1131 (Ala. 2003) (quoting Tefco Fin. Co. v. Green, 793 So.2d 755, 758
(Ala. 2001)), within the meaning of the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (`the FAA'). This is so, because the FAA makes specifically enforceable a `written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy . . . arising out of such contract or transaction.' 9 U.S.C. § 2.
 "`[T]he term "involving commerce" in the FAA [is] the functional equivalent of the . . . familiar term "affecting commerce" — words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power.' Citizens Bank v. Alafabco, Inc., 539 U.S. 52, 56, 123 S.Ct. 2037, 156 L.Ed.2d 46 (2003) (emphasis added). `Congress' Commerce Clause power "may be exercised in individual cases without showing any specific effect upon interstate commerce" if in the aggregate the: economic activity in question would represent "a general practice . . . subject to federal control."' 539 U.S. at 56-57, 123 S.Ct. 2037 (quoting Mandeville Island Farms, Inc. v. American Crystal Sugar Co. 334 U.S. 219, 236, 68 S.ct. 996, 92 L.Ed. 1328 (1948)). Nevertheless, `[t]he party moving for arbitration must "`produce some evidence which tends to establish its claim'"' that the transaction involved interstate commerce. White, 869 So.2d at 1131 (quoting Jim Burke Auto., Inc. v. Beavers, 674 So.2d 1260, 1265 (Ala. 1995) (opinion on application for rehearing))."
Considering these well-established principles in the context of this case, the dispositive issue is whether the Haydens carried their burden of producing evidence tending to show that the real-estate sales contract they and the Keenes had entered into involved interstate commerce.
The Keenes argue that "[i]t is clear in this case that no evidence was submitted to establish an interstate nexus required to allow enforcement of an arbitration provision." Keenes' brief, at 16. We agree. In support of their motion to compel arbitration, the Haydens offered a single document, namely, the real-estate sales contract between the Keenes and them. They offered no evidence, by affidavit or otherwise, tending to establish that the transaction underlying the contract involved interstate commerce. On appeal, the Haydens point out that they "argued in their response to the Keenes' objection to the motion to compel arbitration that interstate commerce was involved in the attempted sale of the subject property." Haydens' brief, at 18. Although that is true, arguments of counsel are not evidence. Turner v. West Ridge Apartments, Inc.,893 So.2d 332, 335 (Ala. 2004); Ex parte Coleman,861 So.2d 1080, 1084 (Ala. 2003); and Fountain Fin., Inc. v.Hines, 788 So.2d 155, 159 (Ala. 2000).
For the foregoing reasons, the order of the trial court dismissing the case and compelling arbitration is reversed and the cause is remanded for further proceedings *Page 12 
consistent with this opinion.[1]
REVERSED AND REMANDED.
COBB, C.J., and SEE, SMITH, and PARKER, JJ., concur.
[1] We have not overlooked the Haydens' contention that there was a postdispute agreement to arbitrate the Keenes' claims against them. However, their motion to compel arbitration was based upon the predispute agreement, and the record before this Court contains no evidence of any postdispute agreement.