THOMAS, Judge.
 

 Accent Realty, Inc., d/b/a Century 21 Steele & Associates (“Accent Realty”), appeals from an order of the Madison Circuit Court compelling it to arbitrate its claims against Timothy S. Snopl. We reverse and remand.
 

 Facts and Procedural Histm"y
 

 In 2006, Snopl became interested in purchasing multiple real-estate properties in the Huntsville area, and, in order to view a large number of properties, Snopl participated in a bus tour of properties in the area. In order to participate in the tour, Snopl was required to enter into an “exclusive buyer agency agreement” (“the con
 
 *896
 
 tract”) with Accent Realty. Snopl agreed in the contract to use Accent Realty exclusively as his real-estate agent for any transactions to purchase property in North Alabama between April 25, 2006, and July 24, 2006. The contract contained an arbitration clause that stated, in pertinent part:
 

 “[T]he transaction contemplated in this agreement directly involves interstate commerce, and said transaction has been and will continue to be regulated by the laws of the United States of America; and, that the contract(s) entered into by the parties concerning this property evidence transaction involving and affecting commerce.”
 

 In June 2007, Accent Realty sued Snopl, alleging in its complaint that Snopl had breached the contract by purchasing several properties during the pertinent period through another real-estate agency. Snopl answered and filed a counterclaim, demanding a trial by jury. On February 22, 2008, Snopl moved the trial court to stay the proceedings and to compel arbitration. On July 18, 2008, the trial court granted Snopl’s motion to compel arbitration. Accent Realty timely appealed to the Alabama Supreme Court, and that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
 

 On appeal, Accent Realty argues that the trial court erred in granting Snopl’s motion to compel arbitration because, it asserts, Snopl did not submit sufficient evidence to show that the contract involved interstate commerce. Accent Realty also argues that Snopl waived his right to compel arbitration by substantially invoking the litigation process and that Snopl cannot disavow the contract while simultaneously attempting to enforce the arbitration provision contained within it.
 

 “ ‘We review
 
 de novo
 
 the trial court’s ruling on a motion to compel arbitration.
 
 Green Tree Fin. Corp. v. Vintson,
 
 753 So.2d 497, 502 (Ala.1999).’
 
 Massey Automotive, Inc. v.
 
 Morris, 895 So.2d 215, 217 (Ala.2004). “‘A ‘party seeking to compel arbitration has the burden of proving the existence of a contract calling for arbitration and proving that that contract involves a transaction affecting interstate commerce,’ ” ’
 
 Wolff Motor Co. v. White,
 
 869 So.2d 1129, 1131 (Ala.2003) (quoting
 
 Tefco Fin. Co. v. Green,
 
 793 So.2d 755, 758 (Ala.2001)), within the meaning of the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (‘the FAA’). This is so, because the FAA makes specifically enforceable a “written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy ... arising out of such contract or transaction.’ 9 U.S.C. § 2.
 

 “ ‘[T]he term “involving commerce” in the FAA [is] the functional equivalent of the ... familiar term “affecting commerce” — words of art that ordinarily signal the
 
 broadest permissible exercise
 
 of Congress’ Commerce Clause power.’
 
 Citizens Bank v. Alafabco, Inc.,
 
 539 U.S. 52, 56, 123 S.Ct. 2037, 156 L.Ed.2d 46 (2003) (emphasis added). ‘Congress’ Commerce Clause power “may be exercised in individual cases without showing any specific effect upon interstate commerce” if in the aggregate the economic activity in question would represent “a general practice ... subject to federal control.” ’ 539 U.S. at 56-57, 123 S.Ct. 2037, 156 L.Ed.2d 46 (quoting
 
 Mandeville Island Farms, Inc. v. American Crystal Sugar Co.,
 
 334 U.S. 219, 236, 68 S.Ct. 996, 92 L.Ed. 1328 (1948)). Nevertheless, ‘[t]he party moving for arbitration must “ ‘produce some evidence which tends to establish its claim’ ” ’ that the transaction involved interstate com
 
 *897
 
 merce.
 
 White,
 
 869 So.2d at 1131 (quoting
 
 Jim Burke Auto., Inc. v. Beavers,
 
 674 So.2d 1260, 1265 (Ala.1995)(opinion on application for rehearing)).”
 

 Adcock v. Adams Homes, LLC,
 
 906 So.2d 924, 929 (Ala.2005).
 

 In support of his motion to compel arbitration, Snopl offered only a copy of the contract that he had entered into with Accent Realty. The contract merely contains a bare assertion that the contract is one involving interstate commerce. Snopl did not offer any evidence by affidavit or otherwise to show that the contract involved interstate commerce. This is insufficient to meet Snopl’s burden of proof.
 
 See Aronov Realty Brokerage, Inc. v. Morris,
 
 838 So.2d 348, 353-54 (Ala.2002)(“0ther than incorporating by reference the agreement attached to Morris’s complaint, Maxwell failed to submit any evidence showing that the agreement evidenced a transaction that affected, to any degree, interstate commerce.”);
 
 see also Keene v. Hayden,
 
 964 So.2d 10, 11 (Ala.2007) (“In support of their motion to compel arbitration, the Haydens offered a single document, namely, the real-estate sales contract between the Keenes and them. They offered no evidence, by affidavit or otherwise, tending to establish that the transaction underlying the contract involved interstate commerce.”). Snopl did make assertions in his brief in support of his motion to compel arbitration that, if true, would tend to show that the contract involved a transaction affecting interstate commerce. However, “arguments of counsel are not evidence.”
 
 Keene,
 
 964 So.2d at 11 (citing
 
 Turner v. West Ridge Apartments, Inc.,
 
 893 So.2d 332, 335 (Ala.2004);
 
 Ex parte Coleman,
 
 861 So.2d 1080, 1084 (Ala.2003); and
 
 Fountain Fin., Inc. v. Hines,
 
 788 So.2d 155, 159 (Ala.2000)).
 

 Because Snopl did not provide sufficient evidence to the trial court to show that the contract that he and Accent Realty had entered into involved interstate commerce, the trial court’s order staying the proceedings and compelling arbitration is reversed, and the cause is remanded for further proceedings consistent with this opinion.
 
 [1]
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.
 

 [1]
 

 . Because we hold that Snopl did not provide the trial court with sufficient evidence indicating that the contract involved a transaction affecting interstate commerce, we need not decide whether Snopl waived his right to compel arbitration or whether Snopl may enforce the arbitration provision of the contract while allegedly disavowing the remainder of the contract.