MOORE, Judge.
Premier Health Management, Inc. (“Premier Health”), Gulf Coast Financial Associates, Inc. (“Gulf Coast”), and Merchants Adjustment Service (“Merchants”) appeal from an order of the Mobile Circuit Court (“the circuit court”) denying their joint petition for a writ of mandamus requesting the circuit court to direct Judge Barber Sherling of the Mobile District Court (“the district court”) to grant default judgments in 12 separate cases. We affirm.

Facts and Procedural History

In 2010 and 2011, Premier Health, Gulf Coast, and Merchants (hereinafter collectively referred to as “the plaintiffs”) filed 12 different complaints in the small-claims division of the district court against 12 different individual defendants, asserting that each defendant owed 1 of the plaintiffs amounts due on unpaid accounts, including interest, court costs, and attorney’s fees. In most of the cases, the plaintiffs requested personal service, but, in one case, Premier Health requested service on Brandon Broadwater by certified mail. In each case in which personal service had been requested, the Mobile County Sheriffs Department filed with the clerk of the district court a return of service indicating that the complaint and summons had been hand-delivered to a person other than the named defendant, sometimes describing that person’s familial or other relationship with the defendant. In the Broadwater case, the return of service indicated that “Lorraine Broadwater” had signed as the recipient of the summons and complaint without mentioning her familial or agency relationship to the defendant.
In each case, after the return of service had been filed and the time had expired for the filing of an answer, the applicable plaintiff moved the district court for a default judgment. The district court denied each motion on the ground that it lacked personal jurisdiction over the defendant due to lack of service. The district court reasoned that service must be accomplished in strict compliance with Rule 4, Ala. R. Civ. P., and that the plaintiffs had failed to present satisfactory proof that the persons that had received service fell within the scope of that rule. The plaintiffs countered that the returns of service constituted prima facie evidence of service and that the district court could not, on its own, challenge those returns of service. The district court replied that, based on the holdings in Dennis v. Still Waters Residential Ass’n, 18 So.3d 959 (Ala.Civ.App.2009), and McDermott v. Tabb, 32 So.3d 1 (Ala.2009), a return of service proves service only on the individual named as having been served and does not prove that that person has the capacity to accept service on behalf of another and that the district court may raise the issue *564 of its own lack of jurisdiction ex mero motu.
The plaintiffs filed a petition for a writ of mandamus with the circuit court requesting the circuit court to direct the district court to enter the default judgments. The petition originally related to only three cases, but the plaintiffs subsequently amended their petition to include all 12 cases. The circuit court denied the petition in a written judgment, explaining that the district court had acted properly in investigating whether the defendants had been properly served and that the district court had correctly determined that the returns of service did not satisfactorily prove that the persons receiving service had the capacity to do so under Rule 4. The plaintiffs timely appealed that judgment to this court.

Standard of Review

In Ex parte A.S., 3 So.3d 842, 845 (Ala.2008), the Alabama Supreme Court stated:
“Although a petition for the writ of mandamus is a proper avenue by which to challenge a pendente lite order, an appeal, not a petition for the writ of mandamus, is the proper avenue for challenging a circuit court’s disposition of a petition for the writ of mandamus. See § 12-22-6, Ala.Code 1975 (‘Appeals may be taken to the appropriate appellate court from the judgment of the circuit court on application for writs of certiorari, supersedeas, quo warranto, mandamus, prohibition, injunction and other remedial writs as provided by the Alabama Rules of Appellate Procedure. ...’). See also Ex parte Ropchock, 510 So.2d 855, 856 (Ala.Crim.App.1987) (‘“Appeals may be taken to the appropriate appellate court from the judgment of the circuit court on application for writs of ... mandamus ... as provided by the Alabama Rules of Appellate Procedure.” A judgment dismissing a petition for the writ of mandamus is appealable.’).”
(Footnote omitted.) Thus, the plaintiffs properly appealed the judgment denying their petition for a writ of mandamus.
On appeal from a judgment denying a petition for a writ of mandamus, this court applies the same standard of review as that applicable in the circuit court.
“As an initial matter, we note that this case is an appeal from the denial of a petition for a writ of mandamus.
“ ‘Mandamus is an extraordinary remedy requiring a showing that there is: “‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ” Ex parte Leigeber, 623 So.2d 1068, 1071 (Ala.1993) (quoting Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991)). Because it is an extraordinary remedy, the standard of review is whether there has been a clear abuse of discretion by the trial court. Ex parte State Dep’t of Human Resources, 674 So.2d 1274 (Ala.Civ.App.1995).’
“City of Birmingham Planning Comm’n v. Johnson Realty Co., 688 So.2d 871, 872 (Ala.Civ.App.1997). Furthermore, in an appeal from a trial court’s denial of a petition for a writ of mandamus, this court must indulge all reasonable presumptions in favor of the correctness of the judgment appealed from. Perry v. State Dep’t of Corr., 694 So.2d 24, 25 (Ala.Civ.App.1997).”
Chandler v. City of Vestavia Hills Planning & Zoning Comm’n, 959 So.2d 1124, 1128 (Ala.Civ.App.2006).

*565
Discussion

At the outset, we note that the plaintiffs argue that the district court has issued a standing order instructing the clerk of the district court to reject any return of service indicating that service was perfected on an individual other than the named defendant. Although the plaintiffs arguably raised the issue of the propriety of such an order in their petition for a writ of mandamus in the circuit court, they failed to submit admissible evidence indicating that the district court had adopted such a procedure. Their assertions on appeal and in their petition for a writ of mandamus before the circuit court do not constitute evidence. See Accent Realty, Inc. v. Snopl, 29 So.3d 894, 897 (Ala.Civ.App.2009). We decline, therefore, to address the propriety of such an order.
The plaintiffs next argue that the circuit court erred in ruling that the district court could raise lack of proper service on its own and in finding that the returns of service did not satisfactorily prove service under Rule 4. As to the first argument, we agree with the circuit court that the district court acted within its authority in raising the issue of proper service before ruling on the plaintiffs’ motions for a default judgment. As the circuit court stated in its judgment:
“It is axiomatic that proper service is essential to the existence of jurisdiction over a defendant and any judgment rendered in the absence [of] proper service is void. Satterfield v. Winston Industries, Inc., 553 So.2d 61 (Ala.1989); Dennis v. Still Waters Residential Ass’n, Inc., 18 So.3d 959, 961 (Ala.Civ.App.2009). It is likewise well-established that a court has the authority to review matters related to its jurisdiction, even ex mero motu, so as to ensure the validity of its orders. ‘Jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987), See also, Horn v. Dunn Brothers, Inc., 79 So.2d 11 (Ala.1955); Arvin N. Am. Auto., Inc. v. Rodgers, [71 So.3d 669 (Ala.Civ.App.2011) ]; Singleton v. Graham, 716 So.2d 224, 225 (Ala.Civ.App.1998); Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997).
“The power to review, ex mero motu and prior to judgment, a motion for default (and its supporting documentation) is a necessary extension of a court’s inherent powers to review jurisdictional matters at any time and the fact that proper service is necessary in order to invoke the court’s jurisdiction. In fact, Alabama appellate courts have exercised this power regarding service on appeal. In State v. Gurley, [217 Ala. 666,] 117 So. 297 (1928), the Alabama Supreme Court dismissed an appeal upon its finding, ex mero motu, that no proper service of the notice of appeal was reflected in the record. See also, Mid-State Homes, Inc. v. Roberts, 257 So.2d 333, 334 (Ala.1972) (dismissing appeal upon finding, ex mero motu, of several jurisdictional defects, including lack of service of the notice of appeal). The inherent powers recognized in these cases to, ex mero motu, review the record to determine if service was properly made before proceeding to judgment are indistinguishable from the actions taken by [the district court].”
We hold that the circuit court did not err in concluding that the district court had acted within its inherent authority in unilaterally raising the issue of, and ascertaining whether, proper service had been obtained on the defendants.
We also hold that the circuit court did not err in finding that the district court had correctly found that service had not *566 been perfected on the defendants, but for reasons different than those stated in the circuit court’s judgment. The parties argue at length as to whether the returns of service satisfied Rule 4; however, generally speaking, Rule 4 does not apply to these cases. All of these cases were filed in the small-claims division of the district court and, therefore, are governed by the service rules set out in the Alabama Small Claims Rules.
Rule D of the Alabama Small Claims Rules provides, in pertinent part:
“Unless the plaintiff requests service by certified mail pursuant to Rule [4(i)(2) ] of the Rules of Civil Procedure or obtains an order from the court allowing some other person to make service upon a defendant, the summons and a copy of the complaint shall be served upon a resident or in-state defendant by the sheriff, at his election, by either of the following methods:
“(a) personal service; or
“(b) by placing the summons and a copy of the complaint in an envelope addressed to the person to be served with the return address of the sheriff shown on the envelope, and placing the sealed envelope in the United States mail as certified mail with instructions thereon and instructions to the delivering postal employee to show to whom delivered, date of delivery and address where delivered on the return receipt. When the defendant to be served is a natural person, the sheriff shall also request restricted delivery, unless otherwise ordered by the court.
“Where the sheriff elects to personally serve a defendant, he shall locate the person to be served and shall deliver the summons and a copy of the complaint and any accompanying documents to the person to be served. When the summons and a copy of the complaint have been delivered, the sheriff serving process shall endorse that fact on a copy of the summons and return it to the clerk who shall make the appropriate entry on the docket sheet of the action. The return of the sheriff serving process in the manner described herein shall be prima facie evidence of such fact.
[[Image here]]
“Where the sheriff elects to serve the summons and a copy of the complaint by certified mail, the sheriff shall endorse that fact on a copy of the summons and return it to the clerk who shall make an appropriate entry on the docket sheet of the action. Additionally, the sheriff shall immediately forward the return receipt when received by him to the clerk who shall enter the date of delivery to a defendant shown on the return receipt on the docket sheet of the action, and the time for answering by a defendant shall run from the date of delivery as evidenced by the return receipt.
[[Image here]]
“In all cases wherein the plaintiff files a written request with the clerk for service by certified mail, service of process shall be made by the clerk, who shall follow the procedure as provided in Rule [4(i)(2) ] of the Rules of Civil Procedure for service by certified mail.”[1]
Pursuant to Rule D, personal service can be made only by locating the person to be served and delivering process to that person. Rule D does not provide for personal service on an individual other than *567 the named defendant. In that regard, Rule D differs from Rule 4, which allows personal service on an individual defendant by hand-delivering process to the named defendant or
“by leaving a copy of the summons and the complaint at the individual’s dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process.”
Rule 4(c)(1), Ala. R. Civ. P. Because Rule 4 expands on Rule D by allowing service on individuals other than the named defendant, the two rules are inconsistent, and therefore, under Rule N of the Alabama Small Claims Rules,[2] Rule D prevails.
 It is undisputed that, in all 11 cases in which the plaintiffs sought personal service, the sheriffs department did not deliver process to the named defendant but, rather, delivered process to some other individual. We do not decide whether that service would have complied with Rule 4, or whether the returns of service would have satisfactorily proved proper service under Rule 4, but we do hold that the service did not conform to the plain terms of Rule D and that the returns of service clearly evidenced that noncompliance. Although the circuit court did not rely on the Alabama Small Claims Rules in denying the petition for a writ of mandamus, this court may affirm the circuit court’s judgment on a ground not relied upon by that court, so long as it is “a ‘valid legal ground.’ ” Atkins v. State, 16 So.3d 792, 797 (Ala.Civ.App.2009) (quoting Liberty Nat’l Life Ins. Co. v. University of Alabama Health Servs. Found., P.C., 881 So.2d 1013, 1020 (Ala.2003)). We therefore affirm the circuit court’s denial of the petition for a writ of mandamus with regard to the 11 cases that involved service of process by personal service.
With regard to the Broadwater case, in which service was attempted via certified mail, we look again to Rule D, which provides that, unless the plaintiff requests service by certified mail pursuant to the Alabama Rules of Civil Procedure, it is at the sheriffs election to serve a defendant by either personal service or certified mail. Premier Health asserts on appeal that it requested service on Broadwater by certified mail, but that request does not appear in the record, so we cannot discern whether Premier Health requested certified-mail service under Rule 4 or under Rule D.
If the request was pursuant to Rule D, the sheriff could have properly served Broadwater by certified mail only through “restricted delivery,” which means delivery could be made only “ ‘to the addressee or to an agent of the addressee who has been specifically authorized in writing by the addressee to receive his mail.’ ” Ex parte Shuttleworth, 410 So.2d 896, 900 (Ala.1981) (quoting Committee Comments to former Rule 4.1(c), Ala. R. Civ. P., see supra note 1). If the request was made under Rule 4, service by certified mail would
“be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee’s agent as evidenced by signature on the return receipt. Within the meaning of this subdivision, ‘agent’ means a person or entity specifically authorized by the addressee to receive the addressee’s mail and to deliver that *568 mail to the addressee. Such agent’s authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default....”
Rule 4(f)(2)(C), Ala. R. Civ. P. Although both rules require that any person accepting service on behalf of an individual defendant must be an authorized agent of that defendant, the two rules differ on the means of establishing that agency.
Regardless of that difference, Premier Health argues that a return of service from the postal authorities presents a prima facie case that service has been made on an authorized agent. We disagree. Rule D does not provide that a receipt from the postal authorities signed by a person other than the individual defendant constitutes prima facie evidence that such person has the written authority to accept service on behalf of the defendant. Rule D merely provides that the time for filing an answer shall run from the date the sheriff files a return receipt with the clerk showing delivery of service on the defendant. Likewise, Rule 4(i)(2)(C) provides that an agent’s authority may be conclusively established only
“when the addressee acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default.”
That rule does not provide that a mere signature on a return receipt constitutes prima facie evidence of agency or authority to accept service as part of that agency.
Under either rule, unless an agency relationship and written or specific authority is noted thereon, a return receipt reflects only that the person who signed the receipt accepted delivery of the process at the address and on the date and time specified. In Duncan v. S.N., 907 So.2d 428, 432 (Ala.2005), the Alabama Supreme Court, in concluding that the service of the summons and complaint by certified mail in that case did not meet the requirements of Rule 4, noted:
“[T]here is no evidence indicating that the person who signed the return receipt was ‘specifically authorized by [Duncan] to receive [his] mail and to deliver that mail to [him].’ Rule 4(i)(2)(C), Ala. R. Civ. P. To the contrary, the box marked ‘agent’ on the return receipt was left blank.”
In the present case, the certified-mail return receipt was returned to the clerk signed by “Lorraine Broadwater” and, like in Duncan, the box marked “agent” on the return receipt was left blank. In an affidavit with a supporting exhibit, Premier Health presented some evidence indicating that Lorraine Broadwater resided at the same address as Brandon Broadwater and that they were somehow related. However, Premier Health did not present any evidence — not even prima facie evidence, much less conclusive evidence — indicating that Lorraine Broadwater had the specific authority, written or otherwise, to accept service by mail for Brandon Broadwater.
“ ‘[S]trict compliance with the rules regarding service of process is required.’ Ex parte Pate, 673 So.2d [427,] 429 [ (Ala.1995) ]. ‘[D]efault judgments are not favored by the courts, and [the] discretion to grant [a default judgment] should be resolved in favor of the defaulting party when there is doubt as to the propriety thereof.’ Colvin v. Colvin, 628 So.2d 802, 803 (Ala.Civ.App.1993). See also Montgomery County Bd. of Educ. v. Addison, 3 So.3d 885, 886 (Ala.Civ.App.2008) (concluding that service of process had not been properly made on *569 school board because no evidence was presented indicating that the employee served was an agent of the school board authorized to receive service; as a result, this court concluded that the trial court had erred in denying school board’s motion to set aside default judgment).”
Johnson v. Hall, 10 So.3d 1031, 1037 (Ala.Civ.App.2008). Based on Johnson, Duncan, and the language of Rule D and Rule 4(i)(2)(C), we conclude that Premier Health has failed to show that it has a clear legal right to a default judgment in the Broadwater case. Because the district court acted within its authority in raising the issue of proper service and properly determined that the agency and authority of Lorraine Broadwater had not been proven, the circuit court correctly denied the petition for a writ of mandamus. We, therefore, affirm the circuit court’s judgment denying the petition for a writ of mandamus in the Broadwater case.

Conclusion

Based on the foregoing, we conclude that the circuit court properly denied the petition for a writ of mandamus with regard to each of the 12 cases brought in the small-claims division of the district court.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. Rule D actually refers to Rule 4.1(c) of the Rules of Civil Procedure. We note, however, that the Alabama Rules of Civil Procedure have been amended and that there is no longer a Rule 4.1(c) in those Rules. Former Rule 4.1(c) has been incorporated into Rule 4(i)(2), Ala. R. Civ. P. Thus, in our analysis, we have applied Rule 4(i)(2).

. Rule N provides:
"The Alabama Rules of Civil Procedure as modified for applicability in the district courts shall be applicable to small claims court cases when necessary to serve the ends of justice and when the Alabama Rules of Civil Procedure, as modified, are not inconsistent with these small claims rules.”