DONALDSON, Judge.
AFFIRMED. NO OPINION.
*64 See Rules 28(a)(10), 53(a)(1) and (a)(2)(F), Ala. R. App. P.; Rule 4(i)(2)(C), Ala. R. Civ. P ; White Sands Group, L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala. 2008) ; Ex parte Flexible Prods. Co., 915 So.2d 34, 41 (Ala. 2005) ; City of Gulf Shores v. Harbert Int'l, 608 So.2d 348, 357-58 (Ala. 1992) ; Premier Health Mgmt., Inc. v. Sherling, 100 So.3d 561, 564 (Ala. Civ. App. 2012) ; Griffin v. Blackwell, 57 So.3d 161, 163 (Ala. Civ. App. 2010) ; Asam v. Devereaux, 686 So.2d 1222, 1224 (Ala. Civ. App. 1996) ; and McBride v. McBride, 380 So.2d 886, 888 (Ala. Civ. App. 1980).
Thompson, P.J., and Pittman and Moore, JJ., concur.
Thomas, J., concurs specially.
THOMAS, Judge, concurring specially.
Merchants Adjustment Service ("Merchants") filed in the Clarke District Court, acting as a small-claims court ("the district court"), four separate complaints seeking recovery of debts allegedly accumulated by Kordesia Williams, Darryl Williams, Benjamin F. Harper, and Aretha Taylor. In each action, Merchants requested service by certified mail. See Rule 4(i)(2), Ala. R. Civ. P.; see also Rule 4(dc) (providing that Rule 4 applies in the district courts).
Certified-mail receipts were returned to the district court in each action. Each certified-mail receipt had been signed by an individual other than the named defendant; however, each individual had indicated on the certified-mail receipt that the individual was the "agent" of the named defendant. After the defendants failed to answer or otherwise defend the actions, Merchants filed, in each action, a motion seeking the entry of a default judgment. The district court concluded that Kordesia, Darryl, and Harper had not been properly served and entered an order in each of those actions denying Merchants' motion for a default judgment. Although the district court entered a continuance in the action against Taylor, it entered an order consolidating all four actions for purposes of appellate review.
Merchants filed a petition for the writ of mandamus in the Clarke Circuit Court ("the circuit court"), requesting that the circuit court order the district court to vacate its orders denying its requests for default judgments and to enter a default judgment in each action because, Merchants argued, the four defendants had been properly served. The materials submitted to the circuit court for review revealed that, in each action, Merchants had argued to the district court that it had complied with two methods of serving an individual pursuant to Rule 4(c). That is, according to Merchants, it had complied with Rule 4 by causing each summons and complaint to be left "at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," Rule 4(c)(1), and by causing the "deliver[y] [of] a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process."Id. The circuit court determined that the district court had not abused its discretion by determining that the four defendants had not been properly served; thus, the circuit court entered an order denying Merchants' mandamus petition. Merchants filed a timely notice of appeal to this court. Premier Health Mgmt., Inc. v. Sherling, 100 So.3d 561, 564 (Ala. Civ. App. 2012) (explaining *65 that an appeal was the proper method for review of a judgment denying a petition for a writ of mandamus).
I concur to affirm the circuit court's refusal to grant mandamus relief to Merchants regarding the actions against Kordesia, Darryl, and Harper, see Johnson v. Hall, 10 So.3d 1031, 1037 (Ala. Civ. App. 2008), and I also concur to affirm the circuit court's refusal to grant mandamus relief to Merchants regarding the action against Taylor. Ex parte Flexible Prods. Co., 915 So.2d 34, 41 (Ala. 2005) (citing Ex parte Vance, 900 So.2d 394, 398-99 (Ala. 2004) ). However, I write specially to point out that this appeal illustrates what is surely unintended confusion created by certain language in Rule 4.
Rule 4(i)(1) provides for service of a summons and compliant by a process server. A process server "shall deliver a copy of the process and accompanying documents to the defendant or other person who may be served under the provisions of Rule 4(c)." Rule 4(i)(1)(C). Thus, subject to certain exceptions, a process server may leave documents "at the individual's dwelling house or usual place of abode." Rule 4(c)(1). Rule 4(i)(2) provides for service of a summons and complaint by certified mail. Service by certified mail is effective when delivered to "the named addressee or the addressee's agent." Rule 4(i)(2)(C). I cannot fathom why service is effective when a process server leaves a summons and complaint with an individual of suitable age and discretion but service is ineffective if the same individual signs a certified-mail receipt. That distinction, whatever it is, does not serve to "simplify service requirements under Alabama law and to facilitate service of process." See Committee Comments to August 1, 1992, Amendment to Rule 4(c)(1).
In my opinion, clarity could be brought to Rule 4 by amending the rule to create separate subsections for individuals and for entities for which agency considerations appear more apt. For example, an "agent," as defined by Rule 4(i)(2)(C), is "a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee." The distinction has application in the context of an entity, see, e.g., LVNV Funding, LLC v. Boyles, 70 So.3d 1221 (Ala. Civ. App. 2009), and perhaps in the context of some individuals; however, in this appeal, the summons and complaints had been delivered by certified mail to the homes of the defendants. In one action, the certified-mail receipt clearly demonstrated that it had been received by the defendant's wife who signed as "agent" of her husband. Regardless, the district court determined that the husband had not been properly served, and Merchants could not avail itself of mandamus relief because it could not show that the wife had had authority as an agent to accept service for her husband because he did not "acknowledge[ ] actual receipt of the summons and complaint," Rule 4(i)(2)(C), and the district court had the discretionary authority to determine whether "the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default."Id.