**DODCO, INC., Appellee,**

v.

**AMERICAN BONDING COMPANY, Appellant.**

No. 93–1053.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1993.

Decided Oct. 29, 1993.

Junius Bracy Cross, Jr., Little Rock, AR, argued, for appellant.

Ian W. Vickery, El Dorado, AR, argued, for appellee.

Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

American Bonding Company (ABC), an Arizona insurance company authorized to do business in Arkansas, appeals from the district court's judgment for Dodco, Inc. (Dodco), following a bench trial in this suit under the Miller Act, 40 U.S.C. §§ 270a–d. We reverse and dismiss the case for lack of jurisdiction over ABC because of improper service.

**1388**

In June 1991, Dodco filed this action against ABC and Kenneth Crow, doing business as K.C. Electric (KCE), seeking compensation for asbestos removal Dodco had performed. KCE had contracted with the United States Army Corps of Engineers (Corps) to perform renovations on the Narrows Dam and Reservoir Powerplant in Arkansas; ABC had provided the payment and performance bond for KCE; and Dodco had subcontracted with KCE to remove asbestos from the site. Dodco served only Babb Enterprises, Inc., one of several agents for ABC in Arkansas, through Babb Enterprises's officer Michael Babb.

KCE and ABC answered, asserting, pursuant to Federal Rule of Civil Procedure 12(b)(2), that they had not been properly served and therefore the district court lacked jurisdiction over them. They also denied the material allegations of the complaint. Prior to trial, the district court granted Dodco's motion for a nonsuit against KCE after Dodco conceded that it had not properly served KCE. Dodco continued to assert, however, that it had validly served ABC.

The district court denied ABC's motion to dismiss for improper service. The court held that the service on ABC satisfied Federal Rule of Civil Procedure 4(d)(3) because Babb had exercised more discretion than a typical sales agent (who usually may not accept service). The court found that Babb prepared and wrote bonds for ABC, acted as an "attorney-in-fact" for ABC, and did not have to contact ABC's home office for advice on whether to write a bond or reject the risk. The court noted that ABC had received actual notice of the summons and complaint because Babb forwarded the papers to ABC's counsel. On the merits, the court awarded Dodco damages in the amount of $24,995 plus interest.

ABC now argues that the district court erred when it denied the motion to dismiss for improper service. ABC also argues that the district court erred in entering judgment for Dodco.

■ We do not need to consider the second argument on appeal, because we believe the district court erred when it held that Dodco had properly served ABC. If a defendant is improperly served, the court lacks jurisdiction over the defendant. *See Cohen v. Newsweek, Inc.*, 312 F.2d 76, 77–78 (8th Cir.1963). How service may be made "is a federal question to be determined according to federal law." *Jennings v. McCall Corp.*, 320 F.2d 64, 69 n. 4 (8th Cir.1963); *see also National Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964) (in non-diversity suit, federal law applies to determine whether person is agent for service pursuant to Rule 4).

■ In 1991, when this action commenced, service could be made "[u]pon a domestic or foreign corporation ... by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." Fed.R.Civ.P. 4(d)(3). It is undisputed that Babb was not an officer, a general agent, or an agent authorized by appointment or by law to receive service of process for ABC. Therefore, ABC was validly served only if Babb or Babb Enterprises was a managing agent for ABC.[1]

We have previously held that, where a salesman was "not vested with discretion in establishing prices, terms, or conditions of contracts or orders and any contracts entered into or orders taken [were] subject to company approval outside the state," the salesman was not a managing agent; and therefore, service upon that salesman would not be proper service on the foreign corporation he represents. *Jennings*, 320 F.2d at 66, 72. The record shows that Babb represented several bonding companies and he was not the exclusive agent for ABC in Arkansas, and each agent answered directly to

---

1. It is also undisputed that Dodco could have achieved valid service on ABC by serving the Arkansas Insurance Commissioner. Ark.Code Ann. § 23–63–301 (Michie 1987); *see also* Ark. Code Ann. § 23–79–205 (Michie 1992). For some reason, however, Dodco chose not to serve the Commissioner.

ABC's office in Tucson, Arizona. In addition, although Babb possessed a power of attorney from ABC to bind the company, the power of attorney merely authorized Babb to "issue and deliver bonds, undertakings, recognizances or other written obligations" for ABC in connection with a particular contract. It was not a general power of attorney; it did not authorize Babb to accept service of process for actions arising out of disputes concerning the contract. The district court's finding that Babb had the power to accept or reject a risk without consulting ABC's home office has no support in the record, and is, therefore, clearly erroneous. As a result, the court erred in concluding that Babb's activities went "beyond the normal scope of a sales agency." We conclude that *Jennings* controls in this instance, and that service upon Babb did not meet the requirements of Rule 4(d)(3).

Accordingly, the judgment is vacated, and the case is dismissed.