*960
 
 BRYAN, Judge.
 
 [1]
 

 The defendant, June Dennis, appeals from a judgment denying her motion to vacate a default judgment pursuant to Rule 60(b)(4), Ala. R. Civ. P.
 
 [2]
 
 We reverse and remand.
 

 On May 10, 2005, the plaintiff, Still Waters Residential Association, Inc. (“Still Waters”), sued Dennis in the Tallapoosa Circuit Court. Still Waters attempted to serve Dennis by certified mail at 24060 Perdido Beach, Orange Beach, Alabama 36561, but it did not instruct the United States Postal Service (“the USPS”) to deliver the process to Dennis only. The certified-mail receipt indicates that, on May 27, 2005, the USPS delivered the process to someone who signed a name other than June Dennis’s name on the receipt. Dennis did not file anything in response to Still Waters’ complaint.
 

 On August 2, 2005, Still Waters applied to the trial-court clerk for the entry of a default on the ground that Dennis had failed to answer the complaint or otherwise defend the action. On October 28, 2005, the trial court entered a default judgment against Dennis in the amount of $4,288.65.
 

 On March 19, 2007, Still Waters obtained the issuance of a writ of execution to collect the balance owed under the default judgment. On September 12, 2007, Dennis moved the trial court to vacate the default judgment pursuant to Rule 60(b)(4), asserting that the default judgment was void because, she said, the trial court lacked jurisdiction over her because, she said, she had not been served with process. Following a hearing, the trial court entered a judgment denying Dennis’s Rule 60(b)(4) motion on February 7, 2008. On March 12, 2008, Dennis appealed to this court from the judgment denying her Rule 60(b)(4) motion.
 

 “We review de novo a trial court’s ruling on a Rule 60(b)(4), Ala. R. Civ. P., motion. See
 
 Northbrook Indem. Co. v. Westgate, Ltd.,
 
 769 So.2d 890, 893 (Ala.2000).
 

 “ ‘ “The standard of review on appeal from the denial of relief under Rule 60(b)(4) is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.
 
 Satterfield v. Winston Industries, Inc.,
 
 553 So.2d 61 (Ala.1989).”
 

 “
 
 ‘Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp.,
 
 590 So.2d 209, 212 (Ala.1991).’
 

 
 *961
 

 “Image Auto, Inc. v. Mike Kelley Enters., Inc.,
 
 823 So.2d 655, 657 (Ala.2001).”
 

 Bank of America Corp. v. Edwards,
 
 881 So.2d 403, 405 (Ala.2003).
 

 Dennis argues that the trial court erred in denying her Rule 60(b)(4) motion because, she says, the default judgment was void because, she says, she was never served with process, and, therefore, she argues, the trial court lacked jurisdiction to enter the default judgment. We agree.
 

 “ ‘One of the requisites of personal jurisdiction over a defendant is “perfected service of process giving notice to the defendant of the suit being brought.”
 
 Ex parte Volkswagenwerk Aktiengesellschaft,
 
 443 So.2d 880, 884 (Ala.1983). “When the service of process on the defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process was performed correctly and legally.”
 
 Id.
 
 A judgment rendered against a defendant in the absence of personal jurisdiction over that defendant is void.
 
 Satterfield v. Winston Industries, Inc.,
 
 553 So.2d 61 (Ala.1989).’
 

 “Horizons 2000, Inc. v. Smith,
 
 620 So.2d 606, 607 (Ala.1993).”
 

 Bank of America Corp. v. Edwards,
 
 881 So.2d at 405.
 

 Rule 4(c), Ala. R. Civ. P., provides, in pertinent part:
 

 “Service of process ... shall be made as follows:
 

 “(1) ... Upon an individual, other than a minor or an incompetent person, by serving the individual or by leaving a copy of the summons and the complaint at the individual’s dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or by law to receive service of process.”
 

 Rule 4(i)(2)(C), Ala. R. Civ. P., provides, in pertinent part:
 

 “Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee’s agent as evidenced by signature on the return receipt. Within the meaning of this subdivision ‘agent’ means a person or entity specifically authorized by the addressee to receive the addressee’s mail and to deliver that mail to the addressee. Such agent’s authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default.”
 

 In the case now before us, Dennis denied signing the receipt for the process and introduced evidence tending to prove that she had ceased living at the address to which the process was mailed before Still Waters sued her. Still Waters did not introduce any evidence proving that Dennis signed the receipt, that Dennis lived at the address to which the process was mailed on the date the process was delivered to that address, that the person who signed the receipt was a person of suitable age and discretion who resided at Dennis’s dwelling house or usual place of abode, that the person who signed the receipt was an agent authorized by appointment or by law to receive service of process on behalf of Dennis, or that Dennis actually received the summons and complaint in time to avoid a default. Accordingly, Still Waters failed to meet its burden of proving that it properly served
 
 *962
 
 Dennis in accordance with Rule 4(c)(1) and Rule 4(i)(2)(C).
 
 See Truss v. Chappell,
 
 4 So.3d 1110 (Ala.2008), and
 
 Bank of America Corp. v. Edwards,
 
 supra.
 

 Because Still Waters failed to properly serve Dennis pursuant to Rule 4(c)(1) and Rule 4(i)(2)(C), the trial court did not acquire jurisdiction over Dennis.
 
 See Truss v. Chappell,
 
 supra, and
 
 Bank of America Corp. v. Edwards,
 
 supra. Therefore, the default judgment against Dennis is void.
 
 Id.
 
 Because the default judgment against Dennis is void, the trial court erred in denying Dennis’s motion to vacate the default judgment pursuant to Rule 60(b)(4).
 
 Id.
 
 Accordingly, we reverse the trial court’s judgment denying Dennis’s Rule 60(b)(4) motion and remand the case for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . June Dennis e-filed her notice of appeal with the trial court on March 12, 2008; however, because the trial court did not transmit Dennis's notice of appeal to this court, this court did not learn that Dennis had filed her appeal until the attorney representing Still Waters Residential Association, Inc., notified this court of the existence of the appeal on August 19, 2008. The parlies did not file their last appellate brief until February 17, 2009. Consequently, this appeal was not assigned to the author of this opinion until March 9, 2009, almost 12 months after Dennis filed her notice of appeal.
 

 [2]
 

 . Rule 60(b) provides, in pertinent part:
 

 “On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void .. ..”