BRYAN, Judge.
 

 LVNV Funding, LLC (“LVNV”), appeals from a judgment denying its motion to vacate a default judgment pursuant to Rule 60(b)(4), Ala. R. Civ. P.
 
 [1]
 
 We reverse and remand.
 

 On April 18, 2006, Tammie Lynn (Mon-cries) Boyles sued LVNV in the Jefferson
 
 *1223
 
 Circuit Court (“the circuit court”). In pertinent part, Boyles’s complaint alleged that LVNV was “one and the same as Resurgent Capital Services, L.P.[,] a corporation, of Houston, Texas, and one and the same as Resurgent Services Capital, a corporation[,] of Greenville, South Carolina”; that LVNV was “doing business as Sherman Acquisition, Inc.”; that LVNV had committed the tort of invasion of privacy by intentionally, willfully, and maliciously harassing Boyles with communications seeking to collect a debt that Boyles did not owe; and that LVNV had committed the torts of fraud and deceit by suing Boyles to recover a debt that LVNV knew Boyles did not owe. As relief, Boyles prayed for an award of damages in the amount of $50,000. Boyles’s complaint instructed the circuit court clerk to serve LVNV with process by certified mail and to address it as follows:
 

 “Kathy James
 

 LVNV Funding, LLC
 

 15 South NE St. Ste. 600
 

 Greenville, SC 29601”
 

 The circuit court clerk complied with Boyles’s instructions and received a return receipt signed by Brandi Taylor.
 

 After more than 30 days had elapsed from the date Taylor had signed the return receipt, the circuit court clerk notified Boyles that LVNV had not answered or otherwise defended against Boyles’s complaint. Boyles requested that the circuit court clerk enter a default against LVNV; however, the circuit court clerk did not do so. Thereafter, Boyles moved the circuit court to enter a default judgment against LVNV with leave for Boyles to prove the amount of her damages. - On August 19, 2006, the circuit court entered an order stating that “a Judgment is rendered against LVNV Funding, LLC, one and the same as Resurgent Capital Services, and one and the same as Sherman Financial Group, doing business under the name of LVNV Funding, Inc.[,] the same being in default, with leave to prove damages.” On December 14, 2006, the circuit court, without giving LVNV notice, held an evidentia-ry hearing for Boyles to prove the amount of her damages. On December 18, 2006, the circuit court entered a judgment stating:
 

 “This cause was set before the undersigned [on December 14, 2006,] for the purposes of taking testimony to prove damages, default judgment having been previously entered herein in favor of [Boyles] and against the defendant, LVNV Funding, LLC, one and the same as Resurgent Capital Service, LP, a corporation in Houston, Texas; and one and the same, as Resurgent Capital, a corporation in Greenville, South Carolina, which is also doing business as Sherman Acquisition, Inc. (see paragraphs 3 and 4, of the Complaint), on Count One for intentionally, willfully, and maliciously invading [Boyles’s] privacy and Count Three, for Fraud and Deceit. The Court heard the sworn testimony of [Boyles], reviewed certain documents presented and heard the arguments of counsel and, therefore, enters Judgment herein in the amount of Fifty Thousand and No/100 Dollars ($50,-000.00) in favor of [Boyles] and against the defendants, separately and severally, as hereinabove set forth.”
 

 On January 16, 2008, Boyles’s attorney sent LVNVs attorney a copy of the default
 
 *1224
 
 judgment by facsimile transmission. On February 15, 2008, LVNV filed a motion pursuant to Rule 60(b)(4), Ala. R. Civ. P., seeking relief from the judgment entered against it on the ground that the judgment was void because LVNV had not been properly served with process in accordance with Rule 4, Ala. R. Civ. P. Specifically, LVNV asserted that it had not been properly served with process because, it said, Rule 4 required that the process be addressed to an officer of LVNV, a partner (other than a limited partner) in LVNV, a managing or general agent of LVNV, or an agent authorized by appointment or by law to receive service of process on behalf of LVNV and Kathy James, the person to whom the process had been addressed, was not such an officer, partner, or agent. In support of its motion, LVNV submitted an affidavit signed by Tammy Garrett, which stated, in pertinent part:
 

 “2. I am a supervisor for Resurgent Capital Services LP (‘Resurgent’). Resurgent is the Master Servicing Agent and Attorney-in-Fact for [LVNV]. My duties with Resurgent include supervision of a staff that included Kathy James during her tenure of employment with Resurgent in 2006. I have general knowledge about the relationship between Resurgent and LVNV and specific knowledge about the job responsibilities of Kathy James in relationship to both Resurgent and LVNV.
 

 “3. Kathy James was employed by Resurgent in 2006. Kathy James was never employed by LVNV.
 

 “4. Ms. James’s duties with Resurgent included authorization to review consumer account records and verify those facts upon request.
 

 “5. While employed by Resurgent in 2006, Kathy James was never authorized by appointment or by law to receive service of process on behalf of any entity, including LVNV.
 

 “6. Kathy James was not, nor has she ever been, an officer, partner, managing or general agent of LVNV.”
 

 In opposition to LVNVs motion, Boyles asserted that James was a proper person to receive service of process on behalf of LVNV because James had submitted an affidavit that she had signed as attorney-in-fact for LVNV in the action that LVNV had filed against Boyles. Boyles introduced that affidavit, which stated:
 

 “The undersigned LVNV Funding LLC Representative, upon being duly sworn, deposes and says:
 

 “1. I am an Attorney in Fact for LVNV Funding LLC (‘Plaintiff), as purchaser and assignee of Sears, which is a corporation organized and existing under the laws of the State of AL.
 

 “2. I have knowledge of the facts herein set forth and am duly authorized to make this Affidavit; that the claim against Tammie L. Moncries is within my knowledge and is just, true and correct and that all just and lawful offsets, payments and credits have been allowed.
 

 “8. There is now due from said debt- or the principal sum of $3,070.36 as of the date of this statement.
 

 “4. To the best of my knowledge the Defendant(s) is not now in the military service, as defined in the Soldier’s and Sailor’s Civil Relief Act of 1940 with amendments, nor has been in such service within thirty days hereof.
 

 “LVNV Funding LLC,
 

 as assignee of
 

 Sears
 

 “BY: /s/
 
 Kathy James
 

 
 *1225
 
 “Print Name: Kathy James Title: Attorney in Fact”
 

 LVNV subsequently submitted two affidavits signed by Jean Paul Torres and an affidavit signed by Gail Conway. The first affidavit signed by Torres stated, in pertinent part:
 

 “2. I am a Legal Administrator for Resurgent Capital Services L.P. As a result of my position with the company, I am familiar with the relationship between LVNV Funding LLC, Alegis Group, LLC (‘Alegis’), and Resurgent Capital Services, L.P. (‘Resurgent’).
 

 “3. In this regard, Alegis is the managing agent of Resurgent, which provides support services in connection with LVNVs consumer debt portfolios. Those support services include reviewing and researching consumer records and verifying that research by affidavit if necessary. Alegis and Resurgent are not and have never been authorized by appointment or by law to receive service of process on behalf of LVNV, and neither Alegis nor Resurgent are, or ever have been an officer, partner, managing or general agent of LVNV.
 

 “4. As a part of its support services to LVNV, Resurgent authorizes certain of its employees to execute affidavits on behalf of LVNV. Specifically, in the attached “Written Consent Action of the Board of Managers in Lieu of a Meeting,’ Resurgent’s managing agent Alegis gives Kathy James limited authority to execute such affidavits. The attached document was in effect in April of 2006 and states the full extent of James’s authority to act on behalf of LVNV during that time period.
 

 “5. The attached document was kept and maintained by Resurgent in the ordinary course of its regularly conducted business activity, and it was the regular practice of Resurgent’s business activity to create that document. The document is a true and accurate copy of the original with the exception that it is an unex-ecuted copy of the original. The original executed copy of the original is not readily available, I have attempted to locate the original executed version of the attached document, but have been unable to locate it at this time.”
 

 In pertinent part, the document attached to the first affidavit signed by Torres stated:
 

 “ALEGIS GROUP LLC WRITTEN CONSENT ACTION OF THE BOARD OF MANAGERS IN LIEU OF A MEETING
 

 “The undersigned being all the Managers of Alegis Group, LLC, a Delaware limited liability company (the ‘Company5), in accordance with and pursuant to Section 18-404(d) of the Delaware Limited Liability Company Act, do hereby consent to, adopt and approve the following resolutions on behalf of the Company and on behalf of Resurgent Capital Services L.P., in its capacity as general manager of Resurgent Capital Services L.P.
 

 “RESOLVED, that this consent action (‘Consent Action’) shall have the same force and effect as though adopted at a meeting of the Company’s Board of Managers duly called and held.
 

 “APPOINTMENT OF AUTHORIZED REPRESENTATIVES OF THE COMPANY
 

 “RESOLVED, that the following persons be, and hereby are, appointed Authorized Representatives of the Company
 
 for the limited purpose of signing,
 
 
 *1226
 

 under authority granted in the accordance with general Company corporate authority, affidavits as attorney in fact of LVNV Funding LLC (‘LVNV’), attesting to balance, interest rate and other matters as necessary in connection with litigation brought to effect the liquidation of assets owned by LVNV and serviced by Resurgent Capital Services L.P.:
 

 “... Kathy James....”
 

 (Capitalization original; emphasis added.)
 

 The affidavit signed by Gail Conway stated, in pertinent part:
 

 “2. I am employed by Resurgent Capital Services LP (‘Resurgent’) as Human Capital Management Site Manager at Resurgent’s offices located at 15 South Main Street, Suite 700, Greenville, South Carolina. I have been employed by Resurgent since 2004.
 

 “3. Brandi Taylor has not ever been employed by LVNV Funding, LLC (‘LVNV’).
 

 “4. Brandi Taylor was previously employed by Resurgent Capital Services L.P. as a Receptionist.
 

 “5. Brandi Taylor has not ever been authorized to receive service of process on behalf of Resurgent or LVNV.
 

 “6. Brandi Taylor has not ever been an officer, partner, managing or general agent of Resurgent or LVNV.”
 

 The second affidavit signed by Torres stated, in pertinent part:
 

 “3. Resurgent Capital Services, L.P.’s address in Greenville, South Carolina is 15 S. Main Street, Suite 700, Greenville, SC 29601.
 

 “4. LVNV Funding, LLC’s address in South Carolina is 200 Meeting Street, Suite 206, Charleston, SC 29401.
 

 “5. LVNV Funding, LLC’s registered agent in South Carolina is CT Corporation System, 75 Beattie Place, Greenville, SC 29601.”
 

 Boyles moved to strike the corporate document attached to the first affidavit signed by Torres on the ground that it contained hearsay; LVNV, on the other hand, asserted that the document was an exception to the hearsay rule because it constituted a business record. The circuit court did not rule on the motion to strike.
 

 In response to the second affidavit signed by Torres, Boyles submitted evidence indicating (1) that lawsuits filed on behalf of LVNV in Alabama had listed its address as 15 South Main Street, Suite 700, Greenville, South Carolina 29601, and (2) that LVNV had not appointed CT Corporation System as its registered agent in South Carolina until September 12, 2006.
 

 Thereafter, LVNV submitted evidence indicating that LVNV had been formed as a limited liability company in Delaware on April 13, 2005, and that its registered agent in Delaware was The Corporation Trust Company.
 

 Following several hearings on LVNV’s Rule 60(b)(4) motion, the circuit court, on January 7, 2009, entered a judgment denying the motion. LVNV timely appeals to this court, contending that the circuit court erred in denying its Rule 60(b)(4) motion to vacate the default judgment because, it says, it was not properly served with process and, therefore, the default judgment entered against it is void.
 

 In reviewing the ruling of a trial court on a motion to vacate a default judgment on the ground that the judgment was void, this court applies a de novo standard of review.
 
 Kingvision Pay-Per-View,
 
 
 *1227
 

 Ltd. v. Ayers,
 
 886 So.2d 45, 51 (Ala.2003). Discretion plays no part in determining whether a default judgment is void.
 
 Id.
 
 “ ‘ “ ‘if the judgment is valid, it must stand; if it is void, it must be set aside.’ ” ’ ”
 
 Id
 
 (quoting
 
 Russell Coal Co. v. Smith,
 
 845 So.2d 781, 788 (Ala.2002), quoting in turn
 
 Northbrook Indem. Co. v. Westgate, Ltd.,
 
 769 So.2d 890, 893 (Ala.2000), quoting in turn
 
 Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp.,
 
 590 So.2d 209, 212 (Ala.1991)). “ ‘ “ ‘Failure of proper service under Rule 4 deprives a court of jurisdiction and renders its judgment void.’ ” ’ ”
 
 Kingvision,
 
 886 So.2d at 52 (quoting
 
 Russell Coal,
 
 845 So.2d at 783, quoting in turn
 
 Northbrook Indem.,
 
 769 So.2d at 893, quoting in turn
 
 Ex parte Pate,
 
 673 So.2d 427, 428-29 (Ala.1995)). “““When the service of process on a defendant is contested as being improper or invalid, the burden of proof is
 
 on the plaintiff
 
 to prove that service of process was performed correctly and legally.’ ” ’ ”
 
 Dennis v. Still Waters Residential Ass’n,
 
 18 So.3d 959 (Ala.Civ.App.2009) (emphasis added) (quoting
 
 Bank of America Corp. v. Edwards,
 
 881 So.2d 403, 405 (Ala.2003), quoting in turn
 
 Horizons 2000, Inc. v. Smith,
 
 620 So.2d 606, 607 (Ala.1993), quoting in turn
 
 Ex parte Volkswagenwerk Aktiengesells-chaft,
 
 443 So.2d 880, 884 (Ala.1983)).
 

 Rule 4(c)(6), Ala. R. Civ. P., provides that a limited liability company may be served “by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process.” Rule 4(i)(2)(B)(i), Ala. R. Civ. P., provides, in pertinent part:
 

 “In the event of service by certified mail by the clerk, the clerk shall place a copy of the process and complaint ... in an envelope and shall address the envelope to the person to be served with instructions to forward. In the case of an entity within the scope of one of the subdivisions of Rule 4(c),
 
 the addressee shall be a person described in the appropriate
 
 subdivision....”
 

 (Emphasis added.)
 

 The evidence before the circuit court established that LVNV was a limited liability company. Because Kathy James was the person to whom the process was addressed, LVNV was properly served under Rule 4 of the Alabama Rules of Civil Procedure only if James was “an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process.” Rule 4(c)(6);
 
 see
 
 Rule 4(i)(2)(B)(i) (“In the case of an entity within the scope of one of the subdivisions of Rule 4(c), the addressee shall be a person described in the appropriate subdivision.”). The undisputed evidence established that James was not an officer, a partner, or an agent authorized by appointment to receive service of process on behalf of LVNV.
 

 LVNV argues that James was also not an agent authorized by law to receive service of process on behalf of LVNV because, LVNV says, it did not exercise a high degree of control over James. In
 
 Kingvision,
 
 supra, the Alabama Supreme Court stated that “[t]o establish proper service on a corporation by service on an alleged agent not authorized by appointment of the corporation, a plaintiff must prove that the corporation exercised a ‘high degree of control’ over the alleged agent.” 886 So.2d at 51 (quoting
 
 Horizons 2000,
 
 620 So.2d at 607). Boyles, on the other hand, argues that she proved that James was an agent authorized by law to receive service of process on behalf of
 
 *1228
 
 LVNV because, she says, she proved that James had apparent authority to receive service of process on behalf of LVNV.
 

 In arguing that she proved that James had apparent authority to receive service of process on behalf of LVNV, Boyles relies on the affidavit signed by James, which LVNV filed in its action against Boyles. In pertinent part, that affidavit stated:
 

 “1.
 
 I am an Attorney in Fact for LVNV Funding LLC
 
 (‘Plaintiff), as purchaser and assignee of Sears, which is a corporation organized and existing under the laws of the State of AL.
 

 “2. I have knowledge of the facts herein set forth and
 
 am duly authorized to make this Affidavit; that the claim against Tammie L. Moncries is within my knowledge
 
 and is just, true and correct and that all just and lawful offsets, payments and credits have been allowed.
 

 “3.
 
 There is now due from said debt- or the principal sum of $3,070.36
 
 as of the date of this statement.”
 

 (Emphasis added.) Although James’s affidavit indicates that she was an attorney-in-fact for LVNV, that she was knowledgeable regarding LVNVs claim against Boyles, that she was authorized to make the affidavit, and that the amount Boyles owed LVNV was $8,070.86, nothing in the affidavit indicates that James had authority to receive service of process on behalf of LVNV.
 

 Boyles bore the burden of proving that LVNV was properly served.
 
 See Dennis,
 
 18 So.3d at 961. Boyles did not prove that LVNV exercised a high degree of control over James.
 
 See Kingvision.
 
 Moreover, because nothing in James’s affidavit indicates that James had authority to receive service of process on behalf of LVNV, Boyles likewise failed to prove that James had apparent authority to receive service of process on behalf of LVNV. Therefore, we conclude that Boyles failed to prove that James was an agent authorized by law to receive service of process on LVNV.
 

 LVNV also argues that James was not a “managing or general agent” of LVNV for purposes of Rule 4(c)(6). Boyles, on the other hand, argues that James was a managing or general agent of LVNV because, Boyles says, James was authorized by a power of attorney to act as the attorney-in-fact for LVNV in signing affidavits and verifying information regarding debts owed to LVNV. In pertinent part, the Committee Comments to the Amendment to Rule 4 Effective August 1, 2004, state:
 

 “Subdivision (c). Former subdivisions (6)-(9) are combined into a new subdivision (6). The former provision allowing corporations and other business entities to be served by certified mail at any of their usual places of business has been eliminated. Now, personal or certified mail service must be directed to the registered or appointed agent or to a specific person such as an ‘officer.’ Subdivision (6) is patterned on Rule 4(d)(5), Ark. R. Civ. P., and Fed.R.Civ.P. 4(h)(1). The phrase ‘managing or general agent’ is used in a majority of the states and has been interpreted in many federal cases. The intent is to adopt the majority rule of federal caselaw in interpreting the phrase ‘managing or general agent.’ ”
 

 In
 
 Villafana v. Auto-Owners Insurance,
 
 (Civil Action No. 06-0684-WS-B, Dec. 29, 2006) (S.D.Ala.2006) (not published in F.Supp.2d), the United States District Court for the Southern District of Alabama stated:
 

 “Rule 4(c)(6)[, Ala. R. Civ. P.,] was amended to allow service on a managing
 
 *1229
 
 agent only recently, and Alabama courts have yet to address the scope of the term. However, the committee comments accompanying the 2004 amendment state that ‘[t]he intent is to adopt the majority rule of federal caselaw in interpreting the phrase “managing or general agent.” ’ The Court thus turns to that body of jurisprudence.
 

 “ ‘A managing agent is one authorized to transact all business of a particular kind at a particular place and must be vested with powers of discretion rather than being under direct superior control.’
 
 Bridgeport Music, Inc. v. Rhyme Syndicate Music,
 
 376 F.3d 615, 624 (6th Cir.2004);
 
 accord Grammenos v. hemos,
 
 457 F.2d 1067, 1073 (2nd Cir.1972); 1 James Vm. Moore et al.,
 
 Moore’s Federal Practice
 
 ¶ 4.53[2][b] (3d ed. 2006);
 
 cf. Jim Fox Enterprises, Inc. v. Air France,
 
 664 F.2d 63, 64 (5th Cir.1981) (a managing agent is one ‘invested with general powers involving the exercise of independent judgment and discretion’). Thus, a sales agent who could not set prices or terms and whose contracts were subject to company approval could not be a managing agent.
 
 Dodco, Inc. v. American Bonding Co.,
 
 7 F.3d 1387, 1388 (8th Cir.1993).”
 

 (Footnote omitted.)
 

 In the case now before us, Boyles, who bore the burden of proving that service was proper,
 
 see Dennis,
 
 supra, failed to prove that James was “ ‘one authorized to transact all business of a particular kind at a particular place’ ” and that she was “ ‘vested with powers of discretion rather than being under direct superior control.’ ”
 
 Villafana
 
 (quoting
 
 Bridgeport Music,
 
 376 F.3d at 624). Boyles argues that, because James had been authorized to act on behalf of LVNV by a power of attorney, she was ipso facto a managing or general agent of LVNV. However, this argument has no merit. In
 
 Dodco, Inc. v. American Bonding Co.,
 
 7 F.3d 1387 (8th cir.1993), the United States Court of Appeals for the Eighth Circuit held that a sales agent for a bonding company was not rendered a “managing or general agent” of the bonding company by virtue of a power of attorney granting the agent the authority “to ‘issue and deliver bonds, undertakings, recognizances or other written obligations’ for [the bonding company]” because “[the power of attorney] was not a general power of attorney; it did not authorize [the sales agent] to accept service of pro-cess_”
 
 Id.
 
 at 1389. In the case now before us, James’s power of attorney limited James’s authority to signing affidavits as an attorney-in-fact of LVNV that attested to balance, interest rate, and other matters in connection with litigation brought to effect the liquidation of assets owned by LVNV and serviced by Resurgent Capital Services, L.P. (“Resurgent”). Thus, James’s power of attorney, like the power of attorney at issue in
 
 Dodco,
 
 was a limited power of attorney rather than a general power of attorney; it did not authorize James to receive service of process on behalf of LVNV. Accordingly, we conclude that James was not a “managing or general agent” of LVNV for purposes of Rule 4(e)(6).
 
 See Dodco.
 

 Citing
 
 Alfa Corporation v. Alfagres, S.A.,
 
 385 F.Supp.2d 1230 (M.D.Ala.2005), Boyles argues that, even if James was not an officer, a partner, a managing or general agent, or an agent authorized by appointment or by law to receive service of process on LVNV, she nonetheless effected proper service of process upon LVNV because, Boyles says, Brandi Taylor, as Resurgent’s receptionist, was au
 
 *1230
 
 thorized to receive mail on behalf of Resurgent and to deliver it to Resurgent; Resurgent was “one and the same as” LVNV; and LVNV received actual notice of Boyles’s action in time to avoid a default. In
 
 Alfagres,
 
 the process was addressed to “Alfagres, S.A.,” and sent by certified mail to an address listed as the “Miami office” of Alfagres in its marketing and promotional material. 385 F.Supp.2d at 1238. A woman named Alba Montalla-na, who had previously identified herself to an investigator of Alfa Corporation, the plaintiff in Alfagres, as an employee of Alfagres, signed the return receipt on February 11, 2005.
 
 Id.
 
 Alfagres filed a motion to quash the service of process on March 14, 2005, before a default was entered against it. 385 F.Supp.2d at 1238-39. The United States District Court for the Middle District of Alabama held that the service of process “was in substantial compliance with the Federal and Alabama Rules of Civil Procedure and that any defects in service of process have not prejudiced Alfagres and are therefore harmless error.” 385 F.Supp.2d at 1239. The district court explained:
 

 “Although the summons and complaint were addressed to the corporation itself, rather than to a specified person (i.e. an officer, partner, or authorized agent of the corporation described in Ala. R. Civ. P. 4(c)(6)), as required by Ala. R. Civ. P. 4(i)(2)(B), service of the summons and complaint clearly complied with all other aspects of Rule 4(i)(2) and reached the appropriate persons within Alfagres,
 
 as evidenced by the fact that Alfagres filed its motion to quash on March 14-, 2005. See United Food & Commercial Workers Union [v. Alpha Beta Co.],
 
 736 F.2d [1371] at 1382 [ (9th Cir.1984) ] (‘[A] defendant’s ... appearance in an action should be enough to prevent any technical error in form from invalidating the process’) (internal citations and quotations omitted).
 

 “Alfagres’s argument that Montallana is not an agent authorized to receive service of process on its behalf is also to no avail. According to Ala. R. Civ. P. 4(i)(2)(C), the ‘person or entity who signs the return receipt need only be an ‘agent’ authorized to receive and deliver mail to the addressee and need not be the actual person authorized to receive process under Rule 4(c)(6). Throughout its briefs and pleadings, Alfagres has repeatedly insisted that the Miami address to which the summons and complaint was sent is actually the address of OPA International Corporation, Al-fagres’s American distributor, and is for all practical purposes simply a mail drop ‘from which mail is forwarded to Al-fagres at its Bogota, Colombia office.’ Given Alfagres’s clear admission that mail sent to the Miami address is forwarded to Alfagres, the court finds that Montallana’s signature was sufficient to comply with the requirements of Ala. R. Civ. P. 4(i)(2)(C); regardless of whether Montallana was in fact an employee of Alfagres or of OPA International, her presence at the office and receipt of the mail indicates that she was clearly part of the entity authorized to forward mail to Alfagres at its Colombian headquarters.
 

 “Moreover, while it is unclear exactly when Alfagres received the summons and complaint in Colombia, nowhere in the record does it dispute eventually receiving the summons and complaint.
 
 In fact, the record indicates that Al-fagres received actual notice of Alfa’s claim against it no later than March 11, 2005, the date on which Dallos signed the affidavit attached to Alfagres’s mo
 
 
 *1231
 

 tion to quash.
 
 Given that ‘the modern conception of service of process is primarily as a notice giving device,’
 
 Andrews v. Coffee County Bd. of Educ.,
 
 [ (Civil Action No. 87-D-1095-S, Jan. 15, 1988) ] (M.D.Ala.1988) (Dubina, J.) [ (not published in F.Supp.) ] (quoting Charles A. Wright & Arthur R. Miller,
 
 Federal Practice and Procedure,
 
 Civil 2d § 1083), ‘to quash service at this juncture would simply serve to increase the costs of service and delay the proceedings.’
 
 Coca-Cola Co. v. Empresa Comercial Int’l de Frutas S.A.,
 
 [ (No. 96-358-CIV-T-17C, July 1, 1996) ] (M.D.Fla.1996) (Kovachevich, J.) [(not published in F.Supp.) ].
 

 “However, the court is mindful that it is possible there was some delay in the forwarding of the summons and complaint from the Miami address to Al-fagres’s Colombian headquarters. Therefore, to ensure there is no prejudice to Alfagres, the court will allow it 20 days from the date of the issuance of this order to file another response to the complaint.”
 

 385 F.Supp.2d at 1239-40 (emphasis omitted; emphasis added) (footnote omitted).
 

 First, we note that the United States District Court for the Southern District of Alabama has stated:
 

 “In
 
 Alfagres,
 
 the plaintiff addressed process to the corporate defendant itself rather than to any of its officers or agents. An individual holding herself out as an employee of the defendant received the process by certified mail and forwarded it to the corporation, which then appeared in the suit.
 
 Id.
 
 at 1234 & n. 2, 1238.
 
 The Court did not address the plaintiff’s apparent failure to serve a managing agent
 
 or
 
 other individual specified in Rule Me) (6); instead, it concluded only that the plaintiff substantially complied with Rule Mi)(®)(C), which governs the procedure for service by certified mail.
 
 [385 F.Supp.2d] at 1239.
 
 Thus, its statement that ‘service was in substantial compliance with the Federal and Alabama Rules of Civil Procedure,’ id., extends only to the latter rule. Even could
 
 Alfagres
 
 be construed as blessing a failure to serve anyone described in Rule Me) (6), it does not represent the majority federal view
 
 as discussed in text, and it is that view this Court is bound to apply.”
 

 Villafana,
 
 n. 7 (emphasis added).
 

 Second,
 
 Alfagres
 
 is distinguishable from the case now before us because in
 
 Alfagres
 
 it was undisputed that Alfagres had received actual notice of Alfa’s action against it and had filed a motion to quash the service before a default was entered against it whereas, in the case now before us, Boyles, who bore the burden of proving proper service,
 
 see Dennis,
 
 supra, failed to prove that LVNV received actual notice of Boyles’s action before the entry of the default judgment against LVNV.
 
 [2]
 
 Accord
 
 *1232
 
 ingly, we find no merit in Boyles’s argument based on
 
 Alfagres.
 

 Boyles also argues that she properly served LVNV because, she says, Resurgent is “one and the same as” LVNV. However, even if Resurgent is “one and the same” as LVNV, Boyles did not introduce any evidence establishing that James was an officer, a partner, or a managing or general agent of either LVNV or Resurgent or that she was an agent authorized by appointment or by law to receive service of process on behalf of either LVNV or Resurgent.
 
 See
 
 Rule 4(c)(6). Therefore, even if Resurgent is “one and the same as” LVNV, Boyles failed to prove that LVNV was properly served with process in accordance with Rule 4(c)(6).
 

 Boyles also argues that LVNV is es-topped from denying that 15 South Main Street, Suite 700, Greenville, South Carolina 29601, is its address. However, because Boyles failed to address the process to an officer, a partner, a managing or general agent, or an agent authorized by appointment or by law to receive service of process as required by Rule 4(c)(6), the issue whether LVNV was estopped from denying that 15 South Main Street, Suite 700, Greenville, South Carolina 29601, is its address is legally irrelevant.
 

 Finally, Boyles argues that, even if LVNV was not served in accordance with Rule 4, Ala. R. Civ. P., the circuit court’s judgment should nonetheless be upheld because, she says, LVNV failed to register to do business in Alabama and, therefore, pursuant to § 10-12-52(c), Ala.Code 1975, it should be deemed to have consented to service of process at 15 South Main Street, Suite 700, Greenville, South Carolina 29601. Section 10-12-52(c) provides:
 

 “(c) A foreign limited liability company, by transacting business in this state without registration, shall be deemed to consent to service of process with respect to causes of action arising out of business transacted in this state by registered mail addressed to the foreign limited liability company at the office required to be maintained in the state or other jurisdiction where it is organized, or, if not so required, at the principal office of the limited liability company.”
 

 However, § 10-12-52(c) does not purport to relieve Boyles from the requirement of Rule 4(c)(6) that she address the process to an officer, a partner, or a managing or general agent of LVNV or to an agent authorized by appointment or by law to receive service of process on behalf of LVNV. Therefore, even if LVNV was required to register to do business in this state and failed to do so, Boyles nonetheless failed to properly serve LVNV in accordance with Rule 4.
 

 Because Boyles failed to properly serve LVNV with process in accordance with Rule 4, the default judgment entered against LVNV is void.
 
 See Kingvision,
 
 supra. Therefore, the circuit court erred in denying LVNV’s Rule 60(b)(4) motion. Accordingly, we reverse the circuit court’s judgment denying LVNV’s Rule 60(b)(4) motion and remand the action to the circuit court for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 
 *1233
 
 THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
 

 THOMAS, J., concurs in the result, without writing.
 

 [1]
 

 . Rule 60(b) provides, in pertinent part:
 

 "On motion and upon such terms as are just, the court may relieve a party or a
 
 *1223
 
 party’s legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void....”
 

 [2]
 

 . Boyles argues that she did prove that LVNV received actual notice of Boyles’s action before the entry of the default judgment; however, the only "evidence" Boyles cites as proof of LVNV’s having received actual notice of Boyles's action before the entry of the default judgment is a statement made by LVNV’s attorney at one of the hearings on LVNV's Rule 60(b)(4) motion to the effect that “[LVNV] didn’t answer the complaint again because the complaint was directed to someone else." That statement is, at best, ambiguous. One interpretation of that statement is that LVNV did not answer the complaint because LVNV did not know of its existence because it had been directed to someone oth
 
 *1232
 
 er than LVNV. Moreover, an unsworn statement made by one of the parties’ attorneys is not evidence.
 
 See Ex parte Russell,
 
 911 So.2d 719, 725 (Ala.Civ.App.2005) ("The unsworn statements, factual assertions, and arguments of counsel are not evidence.”). Accordingly, Boyles did not prove that LVNV received actual notice of Boyles's action before the entry of the default judgment.