BRYAN, Judge.
Linda Bogus and James Bogus, the defendants below, appeal from the denial of their motion to vacate a default judgment pursuant to Rule 60(b)(4), Ala. R. Civ. P.[1] We reverse and remand.
Bank of New York, as trustee for the Certificate Holders CWALT, Inc. Alternative Loan Trust 2005-77T1 Mortgage Pass-Through Certificates, Series 2005-77T1 (“BNY”), sued the Boguses on July 24, 2008, alleging that the Boguses had mortgaged a parcel of real property loeat-ed in Shelby County (“the property”); that the mortgage had been foreclosed on May 29, 2007; that, by virtue of the foreclosure, BNY had become the owner of the property; that, on May 29, 2007, BNY had served the Boguses with a written demand for possession of the property pursuant to § 6-5-251, Ala.Code 1975; and that the Boguses had failed to vacate the property. BNY stated a claim of ejectment and sought possession of the property and damages. In addition, BNY sought a determination that the Boguses had forfeited their right to redeem the property.
Although BNY’s complaint alleged that the Boguses were residents of Shelby County, the record indicates that BNY made no attempt to personally serve the Boguses with process. Rather, the record indicates that, on July 28, 2008, four days after it filed its complaint, BNY attempted to effect service of process on the Boguses by posting the process on the property.
On February 10, 2009, BNY applied to the clerk of the trial court for an entry of default against the Boguses due to their failure to answer the complaint or otherwise defend the action; on February 12, 2009, the clerk made the entry of default against the Boguses. On February 24, 2009, the trial court entered a default judgment against the Boguses. The default judgment awarded possession of the property to BNY and determined that the Boguses had forfeited- their right to redeem the property; it did not award any damages.
On April 10, 2009, the Boguses moved the trial court for relief from the default judgment pursuant to Rule 60(b)(4), Ala. R. Civ. P. As one of them grounds, the Boguses asserted that the default judg *721 ment was void because, they said, they had not been personally served with process and, therefore, they said, the trial court lacked jurisdiction to enter the default judgment. Following a hearing, the trial. court denied the Boguses’ motion for relief from the default judgment. The Boguses timely appealed to the supreme court, which transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
The Boguses first argue that the trial court erred in denying their Rule 60(b)(4) motion because, the Boguses say, they were not personally served with process and, therefore, they say, the trial court lacked jurisdiction to enter the default judgment. We review de novo a trial court’s ruling on a Rule 60(b)(4) motion. See Northbrook Indent. Co. v. Westgate, Ltd., 769 So.2d 890, 893 (Ala.2000) (“This court has held that ‘[t]he review applicable to a Rule 60(b)(4) [, Ala. R. Civ. P.,] motion is de novo.’ ” (quoting Greene v. Connelly, 628 So.2d 346, 351 (Ala.1993))).
BNY argues that it validly served the Boguses with process by posting the process on the property. As legal authority for this argument, BNY relies on Title 62, § 129, Ala.Code 1940 (as recompiled in 1958).
As last amended, Title 62, § 129, was a statute that applied to counties with a population of 90,000 or more according to the last federal census. It authorized a person who became the owner of real estate by virtue of a mortgage foreclosure to file an ejectment action if the person in possession of the real estate did not surrender possession of it within 10 days after written demand. The portion of that statute upon which BNY relies, stated:
“Service of ... the summons and complaint as herein provided for, shall be had upon the defendants, unless the defendant is a non-resident or cannot be found, in either or which event, service ... of the summons and complaint, may be had by leaving the same with some person above the age of eighteen years, residing on or in possession of the premises, and in case no one is found on said premises, above said age, then by posting the same on the premises but unless personal service of the summons and complaint is had upon the defendant, or the defendant files an appearance in such action, no personal judgment shall be rendered against such defendant for damages for the detention of the premises.”
Although Title 62, § 129, was not specifically included in the Alabama Code of 1975, BNY argues that it remains in force by virtue of § 1-1-10, Ala.Code 1975, which provides, in pertinent part:
“Subject to the provisions of this section, or as may be otherwise provided in this Code, all statutes of a public, general and permanent nature, not included in this Code, are repealed. The foregoing provisions of this section shall not repeal, nor be construed to repeal, local, private or special statutes; nor statutes which relate to or apply to only one county, municipality, political subdivision, district or territory; nor statutes which apply to one or more counties, municipalities, political subdivisions, districts or territories on the basis of population.”
(Emphasis added.)
Assuming without deciding that Title 62, § 129, remains in force, BNY, which bore the burden of proving that service of process was performed correctly and legally, see Dennis v. Still Waters Residential Ass’n, Inc., 18 So.3d 959, 961 (Ala.Civ.App.2009) (“ ‘ “ “When the service of process on a defendant is contested as being improper or invalid, the burden of proof is on the plaintiff to prove that service of process *722 was performed correctly and legally.’ ” ’ ” (quoting Bank of America Corp. v. Edwards, 881 So.2d 403, 405 (Ala.2003), quoting in turn Horizons 2000, Inc. v. Smith, 620 So.2d 606, 607 (Ala.1993), quoting in turn Ex parte Volkswagenwerk Aktiengesellschaft, 443 So.2d 880, 884 (Ala.1983))), failed to prove that it complied with the service-of-process provisions in Title 62, § 129.[2] That statute requires that a defendant who is a resident of the State of Alabama be served personally unless he or she cannot be found. In the case now before us, the record indicates that BNY did not make any attempt to serve the Boguses personally. Consequently, BNY’s attempt to serve the Boguses by posting the process on the property did not comply with the service-of-process provisions in Title 62, § 129. Therefore, BNY did not validly serve the Boguses even if Title 62, § 129, remains in force.
Accordingly, we reverse the trial court’s denial of the Boguses’ Rule 60(b)(4) motion and remand the action to the trial court for further proceedings consistent with this opinion. Because the Boguses’ first argument disposes of this appeal, we pretermit discussion of their other argument.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Rule 60(b) provides, in pertinent part:
“On motion and upon such terms as are just, the court may relieve a party or a party’s legal representative from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void ...

. We do not consider the issue whether the provision in Title 62, § 129, authorizing service of process by posting is constitutional because the Boguses have not raised that issue or presented any argument regarding it. See Tucker v. Cullman-Jefferson Counties Gas Dist., 864 So.2d 317, 319 (Ala.2003) (‘"An appeals court will consider only those issues properly delineated as such, and no matter will be considered on appeal unless presented and argued in brief. Ex parte Riley, 464 So.2d 92 (Ala.1985).’” (quoting Braxton v. Stewart, 539 So.2d 284, 286 (Ala.Civ.App.1988)) (emphasis omitted)).